## PARKER, AS SUPERINTENDENT FOR THE FIVE CIVILIZED TRIBES, ET AL. *v.* RILEY, A MINOR, BY STOCKTON, HER GUARDIAN, ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 254. Submitted March 19, 1919.—Decided May 19 1919.

Under § 9 of the Act of May 27, 1908, c. 199, 35 Stat. 312, the homestead of a full-blood Creek Indian who dies leaving a child born since March 4, 1906, is not freed from the restrictions on alienation by the death of the allottee, but is set apart for the "use and support" of such child during life, but not beyond April 26, 1931. P. 69.

Whether the special interest of the surviving child in such a case is, strictly speaking, an estate for life or for years, and what effect a removal of the restrictions on the homestead "in the manner provided in section one" of the act, after the death of the allottee, would have on the relative rights of such child and other heirs of the allottee, are questions not here considered. P. 70.

Where a child holding such a special estate under § 9 of the act joined the other heirs of the allottee, with the approval of the Secretary of the Interior, in leasing the allotment for oil and gas, upon a royalty basis, for the benefit of them all but without any provision for altering their rights *inter sese*, *held*, that, since the royalties took the place, *pro tanto*, of the land as the lessee extracted and took the minerals, the special estate attached to the royalties, and the child took the interest or income therefrom, while she lived, but not beyond April 26, 1931, leaving the principal, like the homestead, to go to the heirs in general on the termination of her special right. *Id.*

243 Fed. Rep. 42, reversed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Kearful* for appellants.

*Mr. William J. Horton* and *Mr. Ralph A. Smith* for appellees.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a bill in equity to settle conflicting claims to royalties collected and accruing under an oil and gas lease of lands allotted to a full-blood Creek Indian as a homestead. The allottee died intestate in November, 1908, leaving a husband and two minor children as her only heirs. One of the children was born before and the other after March 4, 1906. Under the applicable law of descent each heir took an undivided one-third interest in the lands, subject to the estate specially given to the child born after March 4, 1906, by § 9 of the Act of May 27, 1908, c. 199, 35 Stat. 312. The lease was given in 1912 by the husband and children—the latter acting through their repective guardians—in accordance with the rules and regulations prescribed by the Secretary of the Interior, and was approved by that officer.[1] The royalties have been and are being regularly paid to an officer of the Indian Bureau under a provision in the lease, and he receives and holds them in trust for the lessors according to their respective interests. The District Court held that each heir was entitled to one-third of the royalties and directed that they be distributed on that basis. 218 Fed. Rep. 391. In the Circuit Court of Appeals that decree was affirmed, one judge dissenting. 243 Fed. Rep. 42.

It is insisted here, as it was in the courts below, that under § 9 of the Act of May 27, 1908, the child born after March 4, 1906, is entitled to all the royalties accruing during her life, but not beyond April 26, 1931, or, if not to the royalties, to the income or interest therefrom during that period.

The lands were allotted under the Acts of March 1, 1901, c. 676, 31 Stat. 861, and June 30, 1902, c. 1323, 32

---

[1] It was approved also by a local court.

Stat. 500, both of which provided that the homestead of each allottee should be inalienable for twenty-one years and on his death should remain for the use and support of his children, if any, born after the date which would entitle them to be enrolled and receive allotments of their own. By the Act of April 26, 1906, c. 1876, 34 Stat. 137, that date was changed to March 4, 1906, and as to certain allotments the restrictions on alienation were extended until April 26, 1931. With these matters in mind the provisions in the Act of May 27, 1908, relied on here, will be more readily understood.

By its first section that act relieves certain allotments from all restrictions, and then declares: "All homesteads of said allottees enrolled as mixed-blood Indians having half or more than half Indian blood, including minors of such degrees of blood, and all allotted lands of enrolled full-bloods, and enrolled mixed-bloods of three-quarters or more Indian blood, including minors of such degrees of blood, shall not be subject to alienation, contract to sell, power of attorney, or any other incumbrance prior to April twenty-sixth, nineteen hundred and thirty one, except that the Secretary of the Interior may remove such restrictions, wholly or in part, under such rules and regulations concerning terms of sale and disposal of the proceeds for the benefit of the respective Indians as he may prescribe. The Secretary of the Interior shall not be prohibited by this Act from continuing to remove restrictions as heretofore." By its second section it provides: "That leases of restricted lands for oil, gas or other mining purposes, leases of restricted homesteads for more than one year, and leases of restricted lands for periods of more than five years, may be made, with the approval of the Secretary of the Interior, under rules and regulations provided by the Secretary of the Interior, and not otherwise." By its fifth section it declares that "any attempted alienation" of lands while

they are restricted and "also any lease of such restricted land made in violation of law . . . shall be absolutely null and void." And its ninth section contains the following:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: *Provided,* That no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee: *Provided further,* That if any member of the Five Civilized Tribes of one-half or more Indian blood shall die leaving issue surviving, born since March fourth, nineteen hundred and six, the homestead of such deceased allottee shall remain inalienable, unless restrictions against alienation are removed therefrom by the Secretary of the Interior in the manner provided in section one hereof, for the use and support of such issue, during their life or lives, until April twenty-sixth, nineteen hundred and thirty-one; but if no such issue survive, then such allottee, if an adult, may dispose of his homestead by will free from all restrictions; if this be not done, or in the event the issue hereinbefore provided for die before April twenty-sixth, nineteen hundred and thirty-one, the land shall then descend to the heirs, according to the laws of descent and distribution of the State of Oklahoma, free from all restrictions."

The allottee, as has been said, was an enrolled full-blood Creek Indian and died several months after the Act of May 27, 1908. The restrictions on the alienation of her homestead had not been removed, and among her heirs was a child—a daughter named Julia—born after March 4, 1906. In these circumstances a reading of section nine makes it very plain that the restrictions did not terminate with the allottee's death but remained in force, and also that the homestead was set apart for the

"use and support" of Julia during her life, but not beyond April 26, 1931. We need not stop, to consider whether, strictly speaking, the right thus specially given to Julia was an estate for life or for years, for it evidently was not the purpose to make any nice distinctions along that line. Nor need .we consider what effect a removal of the restrictions "in the manner provided in section one" after the death of the allottee would have had on the relative rights of Julia and the other heirs, for no such removal was attempted or intended by the Secretary of the Interior.

The oil and gas lease was to run for ten years and as much longer as oil or gas was found in paying quantity. It was given and approved under the provision in section two dealing specially with the leasing of restricted lands and homesteads. All the heirs joined in the lease and it was designed to be for the benefit of all. Nothing in it or in the provision under which it was given suggests that the rights of the heirs, as among themselves, were to be altered or affected. The oil and gas were to be extracted and taken by the lessee, and for this royalties in money were to be paid. These minerals were part of the homestead and the lease was to operate as a sale of them as and when they were extracted. In that sense the heirs were exchanging a part of the homestead for the money paid as royalties, but no heir was surrendering any right to the others. Thus the rights of all in the royalties were the same as in the homestead. Nothing in the Act of May 27, 1908, makes to the contrary. Under the provision in section nine specially providing for issue born after March 4, 1906, Julia was entitled for her support to the exclusive use of the entire homestead while she lived, but not beyond April 26, 1931, and those who took the fee took it subject to that right. The rights of all in the royalties must, as we think, be measured by that standard. In this view Julia is entitled to the use of the royalties, that is to say, the interest or income which may be ob-

tained by properly investing them, during the same period, leaving the principal, like the homestead, to go to the heirs in general on the termination of her special right.

Our conclusion on this point is in accord with the general trend of decisions in the oil and gas mining regions in similar situations. *Blakley* v. *Marshall*, 174 Pa. St. 425, 429; *Wilson* v. *Youst*, 43 W. Va. 826; *Eakin* v. *Hawkins*, 52 W. Va. 124; *Stewart* v. *Tennant*, 52 W. Va. 559; *Barnes* v. *Keys*, 36 Oklahoma, 6.

*Decrees below reversed.*