**STRAWN et al. v. BRADY et al.**

No. 10239 - Opinion Filed Nov. 29, 1921.

(Syllabus.)

1. **County Courts — Probate Jurisdiction — Sale of Minor's Land.**

The county courts of this state, in the exercise of their probate jurisdiction, cannot determine questions of title so as to conclude persons claiming adversely to the estate in a proceeding by a guardian of a minor to sell his ward's lands. The only jurisdiction that a probate court has in such a proceeding upon proper showing, is to decree the sale of such interest, whatever it may be, that the ward may have in the property decreed to be sold. The decree of sale of such property can in no way affect the title of persons claiming an adverse interest in the property acquired prior to the decree of sale.

**2. Indians—Enrollment—Conclusiveness of Record—Age.**

Under Act Cong. May 27, 1908, c. 199, par. 3, 35 Stat. 313, providing that the enrollment records of the Commissioner to the Five Civilized Tribes shall be conclusive evidence as to the age of an enrolled citizen or freedman, the enrollment record giving the age of an Indian as ten years upon April 6, 1899, is conclusive that on that date he had passed his tenth birthday and had not yet reached his eleventh, but is not conclusive that he was exactly ten years of age on that day, and does not establish that he was a minor when he made a conveyance of land upon November 8, 1909, and parol testimony is admissible for the purpose of establishing the birth date of such Indian. Cushing v. McWaters et al., 71 Oklahoma, 175 Pac. 838.

**3. Jury — Right to Jury Trial — Action in Ejectment and to Quiet Title.**

In an action in ejectment and to quiet title wherein plaintiff and the defendant assert title to the lands through a common source, and the decisive issue in the action is the age of the grantor of the plaintiff and the defendant, the issue was properly submitted to a jury upon the demand of the defendant for a jury trial.

**4. Appeal and Error — Notice — Parties—Jurisdiction.**

All parties to an action whose interests will be affected by reversal or modification of the judgment must be made parties to an appeal, and under chapter 219, Session Laws of 1917, pg. 403, the giving of notice in open court by one of the interested parties in the action of his intention to appeal makes all parties of record in the court from which such appeal is taken parties to the appeal in the Supreme Court, and the filing of the record in this court, together with a petition in error, within six months, as prescribed by statute, brings before this court the entire record and all the parties to the action, and this court is thereby vested with jurisdiction in reviewing the judgment to affirm, vacate, modify, or enter such judgment as should have been entered by the trial court.

**5. Dower—Mining Lease—Interest of Dowager.**

Where lands are leased by a receiver under order of court in which the widow of a deceased person owns a dower interest in an undivided one-third interest in the land, she is entitled to have one-third of royalty and cash rental or bonus paid for the lease invested and receive the income therefrom, or to receive such proportion of the royalty and cash rental as will amount to present value of annuity for the life expectancy of dowager equal to the interest on the royalties at six per cent. Barnes et al. v. Keys et al., 36 Okla. 6, 127 Pac. 261.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by George W. Strawn and another, against A. C. Brady and others, for possession of lands and to quiet title. Judgment in favor of defendant A. C. Brady, and plaintiff George W. Strawn appeals, and defendant Annie Francis, now Harris, files cross-petition in error. Judgment modified and affirmed in part. Cause remanded to the district court with directions.

W. W. Wood and Robert F. Blair, for plaintiffs in error.

William M. Matthews, for defendant in error Brady.

L. L. Cowley, for defendant in error Annie Harris.

KENNAMER, J. The plaintiff in error George W. Strawn instituted this action in the district court of Okmulgee county against A. C. Brady et al., alleging ownership of an undivided one-half interest and the right of possession to 160 acres of land allotted to William Francis, a Creek Indian.

The allottee of the lands in controversy, William Francis, died in the year 1905, and left surviving him Annie Francis, now Harris, his wife, and four children; two of the children having died subsequent to the death of their father. Mack Francis and Elizabeth Francis, children of the deceased allottee, William Francis, and his widow, Annie Francis, now Harris, after the death of the two children of the said William Francis, the same having died without issue and unmarried, are the sole and only surviving heirs at law of the deceased allottee, William Francis. The said Mack Francis and Elizabeth Francis inherited the lands of their deceased father, William Francis, subject to the dower interest of Annie Francis, now Harris, surviving wife of William Francis, deceased.

Numerous parties were made defendants by reason of various conveyances having been executed by Mack Francis purporting to convey his undivided one-half interest in the lands, which he had inherited from his deceased father, but it appears now from the record in this cause that the issues to be determined, on account of various settlements having been made between the defendants in the action, exist only between the plaintiff George W. Strawn, A. C. Brady, and Anna Harris; that Strawn asserts title and ownership to an undivided one-half interest in the land in controversy under a guardian's deed executed January 25, 1910, by James H. Kennedy, as legal guardian of Mack Francis, alleged to be a minor, pursuant to an order of the county court

of Wagoner county, wherein Kennedy, as guardian of Mack Francis, conveyed the land in controversy to J. C. Casaver and Casaver conveyed by deed the land to the plaintiff, George W. Strawn.

The defendant A. C. Brady asserts ownership to an undivided one-half interest in the lands under various deeds executed by Mack Francis to himself and other defendants in the cause, and the defendant Brady acquired the interest of other defendants by settlement with them, but Brady relies principally upon a deed executed by Mack Francis on the 18th day of November, 1909, purporting to convey the lands to him.

The surviving wife, Annie Francis, now Harris, was made a party defendant, and filed answer and cross-petition asserting that she is the surviving wife of the deceased allottee, and is entitled to the dower in the lands under the laws of the state of Arkansas then in force in the Indian Territory.

It appears from the record that A. C. Brady, one of the defendants in said cause, introduced in evidence various deeds executed by Annie Francis, now Harris, but that the deeds introduced were never approved by the Secretary of the Interior nor the county court having jurisdiction over the estate of William Francis, the deceased allottee; that Annie Francis, now Harris, is a full-blood Creek Indian. The cause was submitted to a jury under instructions by the court which submitted the issue as to the age of Mack Francis, whether a minor or adult at the time he executed the deed to A. C. Brady on November 8, 1909, and the right of possession to the lands in controversy in general. A general verdict was returned in favor of the defendant Brady, and the court entered judgment approving and ratifying the verdict of the jury and decreeing the defendant A. C. Brady to be the owner in fee simple of an undivided one-half interest in the lands in controversy.

Motions for new trials were filed by the plaintiffs, George W. Strawn and J. C. Casaver, who had been made a party plaintiff to prosecute the action for the use and benefit of George W. Strawn, and by the defendant Annie Harris. which motions for new trial were on the 25th day of March, 1918, overruled by the court and exceptions allowed. Notice of appeal was given by Strawn, Casaver, and Annie Harris.

A case-made was filed in this court by the plaintiffs in error Strawn and Casaver on the 25th day of September, 1918. The defendant Annie Harris filed a cross-petition in error on the 27th day of September, 1918, attached to the case-made filed by plaintiffs in error. A motion has been filed to dismiss the petition in error and cross-appeal of the defendant Annie Harris upon the ground that her petition in error was not filed within six months from the date of the judgment and order overruling her motion for new trial.

The plaintiff in error Strawn has assigned numerous errors as grounds for a reversal of the cause. Counsel for the plaintiff in error Strawn insist that the defense made by the defendant A. C. Brady in the trial of this cause was a collateral attack upon the judgment of the county court of Wagoner county decreeing the sale of the lands in controversy and the order confirming the sale by said court; that the probate proceedings were in all things regular and valid and vested Casaver, the purchaser at said guardianship sale, with title to the land, and are impervious to Brady's attack made in the trial of the cause; that the decree of sale was an adjudication that the county court had jurisdiction of Mack Francis, as a minor, and of his estate, and that the adjudication by said court that said Mack Francis was a minor and that the lands decreed to be sold belonged to his estate is binding upon the world.

The record discloses that the plaintiff Strawn, in the trial of this cause, introduced in evidence a guardian's deed and the probate proceedings under which the guardian, Kennedy, of the estate of Mack Francis had sold the lands to Casaver, and the deed by Casaver to Strawn and rested his case. Defendant Brady introduced the testimony of various witnesses to establish the exact birth date of Mack Francis, and the enrollment record. The enrollment record disclosed that Mack Francis was enrolled as a member of the Creek Tribe of Indians of the one-half blood and was ten years of age on the date of enrollment, April 6, 1899. The enrollment record did not disclose the birth date of Mack Francis. The plaintiff Strawn objected to all of the testimony, including the enrollment record, tending to establish the exact date on which Mack Francis became of age, contending that it was a collateral attack upon the judgment of the county court of Wagoner county in establishing the birth date of Mack Francis, for the reason that the county court of Wagoner county decreed that it had jurisdiction of Mack Francis and his estate and that its judgment could not be impeached by showing that Mack Francis was of age

and not a minor on the date of the decree of sale and the execution of the guardian's deed pursuant thereto.

There is no merit in this contention. If Mack Francis was in fact 21 years of age on November 8, 1909, the date he executed a deed to A. C. Brady, and being unrestricted Indian, he conveyed all of his right, title, and interest in and to the lands in controversy to A. C. Brady. If he, in fact, was sui juris on the date he executed the deed to Brady and his title in the lands passed to Brady, undoubtedly Brady could not be divested of his title in a guardianship proceeding in a county court exercising its probate jurisdiction, which under the laws and Constitution of this state is not vested with jurisdiction to determine the title to real estate.

The Supreme Court of Kansas in the case of Byerly v. Eadie et al., 148 Pac. 757, held in the first syllabus as follows:

"Probate courts are courts of limited jurisdiction, and cannot determine questions of title, so as to conclude persons claiming adversely to the estate. Their power to decide what shall be done with property owned by a deceased person does not include the power to decide what property the deceased owned."

The opinion in part is as follows:

"The statute limits the jurisdiction of probate courts to the estates of persons who are dead, or who are minors or persons of unsound mind. It has no jurisdiction over the estate of a living person, except the person be a minor or of unsound mind. If, after the appointment of the administrator, and after the sale of the real estate, it is discovered that the person for whose estate the administrator was appointed is not dead, but is living, the whole proceedings are absolutely void, and the purchaser at such a sale acquires no title. Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896. In the opinion in that case it was said: 'All proceedings of such courts in the probate of wills and the granting of administrations depend upon the fact that a person is dead, and are null and void if he is alive. Their jurisdiction in this respect being limited to the estates of deceased persons, they have no jurisdiction whatever to administer and dispose of the estates of living persons of full age and sound mind, or to determine that a living man is dead, and thereupon undertake to dispose of his estate.' 154 U. S. 48, 14 Sup. Ct. 1113, 38 L. Ed. 896. It was held in Mickel v. Hicks, 19 Kan. 578, 27 Am. Rep. 161, that proceedings for the sale of the real estate of decedents are not proceedings in rem. In the opinion in Scott v. McNeal, supra, 154 U. S. 46, 14 Sup. Ct. 1112, 38 L. Ed. 896, the Supreme Court of the United States said: 'Even a judgment in proceedings strictly in rem * * * is wholly void, if a fact essential to the jurisdiction of the court did not exist.'"

It is obvious that a probate court has no jurisdiction in a guardianship sale to adjudicate the title of adverse claimants to real estate acquired prior to such sale.

The guardianship proceeding in Wagoner county, wherein a guardian was appointed for Mack Francis and a sale of his land decreed, was not a proceeding for the purpose of litigating title to real estate, and in no way affected the title that Brady may have acquired under his deed. If, in fact, Mack Francis was an adult at the time he deeded the lands to Brady, the county court of Wagoner county did not have jurisdiction over the lands in controversy, for the reason the title to the lands had passed from Francis to Brady and the county court could not decree the sale of lands which did not belong to the estate of Francis, and for the additional reason that if Francis was in fact a minor on the date the county court appointed a guardian over him and his estate under section 3339, Revised Laws of 1910, which reads as follows:

"The power of a guardian appointed by court is suspended only: First. By order of the court. Second. If the appointment was made solely because of the ward's minority, by his obtaining majority. Third. The guardianship over the person only of the ward, by the marriage of the ward"

—the court and guardian were divested of whatever authority and jurisdiction they ever had over the estate and person of Mack Francis.

Counsel for the plaintiff appear to have overlooked the fact that the decree of sale only purported to decree the sale of lands belonging to Mack Francis, as a minor, and if Mack Francis had attained his majority prior to the decree of the sale, confirmation, execution, and delivery of guardian's deed, the court was without jurisdiction and its orders and decrees are absolute nullities.

Counsel for the plaintiff attempted to answer this contention by arguing that the statute under which the sale was made required the guardian to give "notice to the next of kin and all persons interested in the estate," and they assume that on account of the statute requiring this notice the whole world is a party to this proceeding and is bound by the decree.

The defendant Brady was not interested in the estate of Mack Francis, for if his deed conveyed the title to the lands to him

they were no longer a part of the estate of Francis, and the only object of the notice required by the statute is to give the next of kin of the ward, who are interested in his general welfare, a chance to appear and show cause why the order of sale should not be made. The proceeding is in no way an adverse action between various parties wherein they may appear and have adjudicated the title to real estate; in fact, all that the court orders to be sold is the interest of the ward in the property, whatever that interest may be. If the ward has no interest in the lands decreed to be sold, the purchaser at the sale obtains none.

If the contention of counsel for the plaintiff in this cause be correct, and the guardian sells through mistake the lands of other persons than his ward, title to the lands would pass and the parties whose land had been sold through mistake would not be permitted to question the validity of the sale. No authorities have been cited which sustain the contention of the plaintiff in this cause that the court erred in permitting the defendant Brady to establish by evidence the correct age of Mack Francis. The record does show that he was ten years of age on April 6, 1899, on the date of his enrollment. It was competent to permit the defendant Brady to establish as near as possible the date that he was born between April 6, 1888, and April 6, 1889, or, that is, the birth date sometime during the year prior to April 6th, the date on which he was enrolled.

This court has sustained the defendant Brady's contention as to the right to establish the birth date by parol testimony in numerous decisions, and in the case of Gilgrease v. McCullough, 249 U. S. 178, the Supreme Court of the United States announce the same rule.

We have examined the testimony, and believe that the verdict of the jury in determining that Mack Francis was 21 years of age on the date of November 8, 1909, when he executed the deed to defendant Brady, is supported by the evidence, and that there was no error in the judgment of the trial court in approving the verdict upon that issue.

The plaintiff complains of the action of the court in submitting the cause to a jury. In our opinion this action was, in effect and in substance, one for the recovery of specific real property, and that the defendant Brady was entitled to have the issue as to the age of Mack Francis submitted to a jury, and that the action of the court in

doing so was not error. Gill v. Fixico, 77 Okla. 151, 187 Pac. 474.

We conclude that the judgment of the court in favor of Brady as against Strawn was correct, but we are of the opinion that the court erred in submitting the issues as to the rights of Annie Harris to the jury. The undisputed evidence shows that she is entitled to a dower interest in the lands in controversy. It is insisted on behalf of the defendant Brady that the cross-petition in error and cross-appeal of Annie Harris should be dismissed for want of jurisdiction, for, the reason that her cross-petition in error was not filed within six months of the date of the order overruling the motion for a new trial. With this contention of counsel for the defendant Brady we cannot agree.

It is true that a proceeding in error in this court, under the statute, must be commenced within six months from the date of the rendition of the final judgment or order in order to vest this court with jurisdiction to review the judgment or order sought to be reviewed, but this court in numerous decisions has announced the rule that all parties whose interests will be affected by a reversal of the judgment or order must be made parties to the appeal. Southwestern Surety & Ins. Co. v. Hall, 40 Okla. 447, 139 Pac. 305; Michael v. Isom, 43 Okla. 708, 143 Pac. 1053; Syfert v. Murphy, 45 Okla. 137, 144 Pac. 1022; Kolp v. Parsons, 50 Okla. 372, 150 Pac. 1043.

By the act of Legislature passed in 1917, chapter 219, Session Laws of 1917, pg. 403, the issuance and service of summons in error was abolished, and the appellant is only required to give notice in open court at the time of the rendition of judgment or within ten days thereafter of his intention to appeal, and upon the giving of such notice all parties to the action in the trial court of record become parties to the appeal in the Supreme Court, and upon the filing of the record by case-made or transcript and a petition in error by the appellant this court is vested with jurisdiction of all of the parties to the action, and the court is vested with jurisdiction to determine the respective rights of the parties and where the same are directed to the attention of the court, there is no good or valid reason presented why the court should not properly safeguard the rights of the respective parties in the action. We know of no statute or rule in this court requiring the defendant in error to file a cross-petition within six months from the date of the rendition of

the judgment; in fact, it would be a matter of impossibility in many cases, where the appellant avails himself of the full six months time in which to file his appeal, for a defendant in error to file his petition upon the same record within the six months, and it is more in keeping with reason and justice, if the cross-petition is filed within a reasonable time after the filing of the record in the appellate court and before the cause is submitted for consideration, to hold that the same is filed in time to be considered by the court.

In the case of Feder v. Field, 117 Ind. 386, 20 N. E. 129, it was held:

"Under its operation one appeal presents to the appellate court the entire controversy. By the one appeal as much can be accomplished as by two distinct appeals."

In the case of Gaines v. Merryman, 95 Va. 660, 29 S. E. 738, the Supreme Court of Appeals of Virginia held:

"The appeal, when allowed, brings before the court for review the entire record, and the statute quoted does not impose or authorize any limitation upon the operation of the appeal."

In this state, under the statute, the giving of notice of appeal by any one of the parties, automatically brings the entire case and all parties to the action to this court, and when the record is properly filed in this court, this court has jurisdiction over all the parties that would be affected by a modification or reversal of the judgment or order appealed from, and the court has jurisdiction to determine the respective rights of any of the parties to the action. This rule has much to commend it; in fact, it simplifies procedure on appeal and vests the court with the jurisdiction to safeguard the interests of litigants that might otherwise suffer substantial injury by invoking a more technical rule. Why have all the parties whose interests may be affected been made parties to the appeal, if the court is powerless to protect their rights?

In the case at bar it appears that the trial court did not properly protect the interest of the defendant Annie Harris. The undisputed evidence shows that Annie Harris is a full-blood Creek Indian, and on the date of the death of William Francis, deceased, in the year of 1905, she was left as his surviving spouse, and is entitled to a dower interest in the lands in controversy; that the deeds introduced in evidence executed by her were never approved as required by law and are absolutely void. It was the duty of the trial court to appoint commissioners and have her dower in-

terest in the lands in controversy assigned to her. It is admitted that the receiver appointed for the lands in controversy sold an oil and gas lease for the sum of $55,000, and as this cause in part must be reversed and remanded to the district court in order that the dower interest of Annie Harris may be assigned to her, we deem it advisable to establish a rule to be followed in assigning the same to her with regard to the funds arising from the sale of the oil and gas lease.

In the case of Barnes et al. v. Keys et al., 36 Okla. 6, 127 Pac. 261, this court, speaking through Commissioner Rosser, announced the rule as follows:

"Where the owners of a life estate and the owners of the remainder join in an oil and gas mining lease and the lessee develops the lease and produces oil, the life tenants are entitled either to have the royalties invested and to receive the income therefrom, or to receive such a proportion of the royalty as will amount to the present value of an annuity for the life expectancy of the life tenant equal to the interest on the royalties at 6 per cent."

The Supreme Court of the United States, in the case of Gabe E. Parker et al. v. Tootie Riley, a Minor, 250 U. S. 66, 63 L. Ed. 847, held:

"A child born to an enrolled full-blood Creek allottee after March 4, 1906, must be deemed to be entitled, upon the latter's decease following the act of May 27, 1908 (35 Stat. at L. 312, chap. 199), to the exclusive use, as against the other heirs, of the entire homestead while she lives (but not beyond April 26, 1931), including the interest or income which may be obtained during that period by properly investing all the royalties collected and accruing under an oil and gas lease, leaving the principal, like the homestead, to go to the heirs in general on determination of her special right, in view of the proviso in the act of May 27, 1908, par. 9, that if any such allottee shall die leaving issue born since March 4, 1906, the homestead of the allottee shall be inalienable for the use and support of such issue during life until April 26, 1931, unless restrictions against alienation are removed by the Secretary of the Interior."

In the Parker Case, supra, the court approved the doctrine announced in the case of Barnes et al. v Keys et al., supra; so we conclude in the case at bar that in assigning the dower interest of Annie Harris the court should decree that she is entitled to the income from one-third of the funds received on the sale of the oil and gas lease upon the lands in controversy, or decree that she be paid an amount equal to the value of an annuity arising from the invest-

ment of one-third of said funds during her life expectancy. Her interest should be settled for in the funds arising from the sale of the oil and gas lease the same as if the land had been sold.

The judgment herein, in so far as it determines the rights between the plaintiff George W. Strawn and the defendant A. C. Brady, is affirmed, but in so far as it denies the dower interest of the defendant Annie Harris, the same is reversed and remanded to the district court, with directions to proceed in accordance with the views herein expressed.

HARRISON, C. J., and JOHNSON, McNEILL, MILLER, and ELTING, JJ., concur.