## HARRIS v. BRADY.

No. 18100. Opinion Filed Sept. 11, 1928.

Rehearing Denied May 21, 1929.

McCrory & Monk, C. E. Cooper, and L. L. Cowley, for plaintiff in error.

Malcolm E. Rosser, for defendant in error.

TEEHEE, C. This is the second appeal in this cause. The facts in the case are well stated in Strawn v. Brady, 84 Okla. 66, 202 Pac. 505, and need not here again be re-stated except as may be necessary in the course of our consideration of the questions involved.

In the former appeal, plaintiff in error here was a co-plaintiff in error with Strawn, and A. C. Brady was defendant in error, as in the cause in hand. Appellate disposal of that case eliminated Strawn as a party in the subsequent proceedings, wherein the status of the present parties was that of plaintiff and defendant, respectively, and will here be so designated.

The nature of this controversy and the points requiring our decision in this appeal can best be comprehended by here incorporating the relevant part of the opinion in the former appeal, to wit:

"We conclude that the judgment of the court in favor of Brady as against Strawn was correct, but we are of the opinion that the court erred in submitting the issues as to the rights of Annie Harris to the jury. The undisputed evidence shows that she is entitled to a dower interest in the lands in controversy. * * *

"In the case at bar, it appears that the trial court did not properly protect the interest of the defendant Annie Harris. The undisputed evidence shows that Annie Harris is a full-blood Creek Indian, and on the date of the death of William Francis, deceased, in the year of 1905, she was left as his surviving spouse, and is entitled to a dower interest in the lands in controversy; that the deeds introduced in evidence executed by her were never approved as required by law, and are absolutely void. It was the duty of the trial court to appoint commissioners and have her dower interest in the lands in controversy assigned to her. It is admitted that the receiver appointed for the lands in controversy sold an oil and gas lease for the sum of $55.000, and as this cause in part must be reversed and remanded to the district court in order that the dower interest of Annie Harris may be assigned to her, we deem it advisable to establish a rule to be followed in assigning the same to her with regard to the funds arising from the sale of the oil and gas lease.

"In the case of Barnes et al. v. Keys et al.. 36 Okla. 6. 127 Pac. 261, this court, speaking through Commissioner Rosser, announced the rule as follows: 'Where the owners of a life estate and the owners of the remainder join in an oil and gas mining lease and the lessee develops the lease and produces oil, the life tenants are entitled either to have the royalties invested and to receive the income therefrom, or to receive such a proportion of the royalty as will amount to the present value of an annuity for the life expectancy of the life tenant equal to the interest on the royalties at 6 per cent.'

"The Supreme Court of the United States, in the case of Gabe E. Parker et al. v. Tootie Riley, a Minor, 250 U. S. 66, 63 L. Ed. 847, held: 'A child born to an enrolled full-blood Creek allottee after March 4, 1906, must be deemed to be entitled, upon the latter's decease following the Act of May 27, 1908 (35 Stat. at L. 312, chap. 199), to the exclusive use, as against the other heirs, of the entire homestead while she lives (but not beyond April 26, 1931), including the interest or income which may be obtained during that period by properly investing all the royalties collected and accruing under an oil and gas lease, leaving the principal, like the homestead, to go to the heirs in general on determination of her special right, in view of the proviso in the Act of May 27, 1908, sec. 9, that if any such allottee shall die leaving issue born since March 4, 1906, the homestead of the allottee shall be inalienable for the use and support of such issue during life until April 26, 1931, unless restrictions against alienation are removed by the Secretary of the Interior.'

"In the Parker Case, supra, the court approved the doctrine announced in the case of Barnes et al. v. Keys et al., supra; so we conclude in the case at bar that in assigning the dower interest of Annie Harris, the court should decree that she is entitled to the income from one-third of the funds received on the sale of the oil and gas lease upon the lands in controversy, or decree that she be paid an amount equal to the value of an annuity arising from the investment of one-third of said funds during her life expectancy. Her interest should be settled for in the funds arising from the sale of the oil and gas lease the same as if the land had been sold.

"The judgment herein, in so far as it determines the rights between the plaintiff George W. Strawn and the defendant A. C. Brady. is affirmed, but in so far as it denies the dower interest of the defendant Annie Harris, the same is reversed and remanded to the district court, with directions to proceed in accordance with the views herein expressed."

The mandate in that case was issued on December 3. 1921, was spread of record in the lower court on October 4, 1922. and commanded as follows:

"Now, therefore, you are hereby commanded to take such proceedings as shall accord with this opinion and with right and justice."

Pursuant thereto, commissioners were appointed on October 18, 1922, who filed their report on February 6, 1923, whereunder plaintiff's dower interest in the land in controversy was fixed at $53.33 per year rental, or $1,658.56 in full settlement thereof, and $15,321 of the lease fund. On July 12, 1923, defendant filed his answer to the cross-petition of plaintiff filed in the original proceedings on March 15, 1917, in which answer defendant denied the allegations of the cross-petition, and for further answer alleged that plaintiff's deed to him executed on November 8, 1909, was, on March 8, 1923, upon his petition, approved by the county court of Wagoner county, this being the forum of jurisdiction for that purpose, by reason whereof plaintiff's interest in the property involved became vested in him, and by exhibit made a copy of the order of approval a part of his answer, whereupon he prayed dismissal of plaintiff's cross-petition.

On June 30, 1925, plaintiff filed her reply in denial of defendant's answer, and further alleged that the deed approved by the county court of Wagoner county was the deed held to be absolutely void in the first appeal in this cause; that defendant in securing the approval thereof committed a fraud on said county court in that he did not inform that court that the deed had been judicially determined as void by the Supreme Court of the state; that the county court, upon having its attention called to that fact, undertook to recall its approval by entering its order of vacation thereof; that the county court on July 26, 1922, had approved her contract of legal employment entered into on December 16, 1917, with her attorney, L. L. Cowley, which was superior to the claim of defendant, if any he had, under the order of approval of said deed, and prayed judgment of nullification of such order. On September 30, 1925, defendant filed his motion for judgment on the pleadings. On November 23, 1926, plaintiff filed her application for an accounting by the receiver in the case. On the same date the trial court, upon hearing, sustained the defendant's motion for judgment on the pleadings, and upon a review of the proceedings had in the case subsequent to the remandment thereof substantially as above recited, and upon finding that the deed had been approved as alleged by defendant in his answer, rendered judgment for defendant quieting his title in and to the property involved against the claims of plaintiff, including her alleged interest in the lease fund and other monies in the hands of the receiver, disapproved the report of the commissioners and ordered their discharge, directed the receiver to make his settlement in said case and pay over such monies as may be remaining in his hands, upon the payment of the costs and expenses of the receivership and the fees and costs of the commissioners, to the defendant.

Upon unsuccessful motion for a new trial plaintiff again brings this cause to this court for review, and complains of the judgment under two propositions: First, that the court erred in its refusal to enter judgment and to further proceed in the cause in conformity with the mandate in the first appeal; and, second, that the court erred in its rendition of judgment for defendant on his motion therefor on the pleadings.

The first proposition raises the question of the finality of the opinion by this court rendered on the former appeal of the issues then involved and presented, in which the trial court upon remandment of the cause proceeded in readjudication. Plaintiff's chief argument proceeds on the theory that the trial court under the mandate was directed to enter its judgment of award of plaintiff's dower interest and effect assignment thereof in accordance with the rule as established by this court above referred to. In support of the judgment presently appealed from, defendant in his argument proceeds on the theory that there was no precisely indicated judgment under the mandate which limited the action of the trial court in subsequent proceedings, and that, as the deed involved was approved subsequently, its invalidity was not then open to question, by reason whereof the court properly disposed of the case. These conflicting views require reference to the opinion in the former appeal as to the matters determined.

The question then at issue and submitted was whether or not plaintiff had a dower interest in the property in controversy. Plaintiff was of the restricted class of our Indian citizens. Her deed had not been approved by the county court, the state agency clothed with federal authority for that purpose. The opinion held that plaintiff had a dower interest unaffected by her deed because the same was not approved, for which reason the deed was with judicial solemnity adjudged to be absolutely void, and that, as the judgment of the trial court as

to plaintiff stood for reversal and the cause for remandment, a precise rule was thereby established for the admeasurement of plaintiff's dower interest upon assignment thereof. Decision of these points was expressed in the body of the opinion in language of such clarity that it does not admit of controversy that there was in express terms a precisely indicated judgment to be entered upon remandment with the exact measure of authority of the trial court in the execution thereof. The fact that the mandate did not embody the precisely indicated judgment in express form did not authorize the trial court to proceed upon its own discretion in the matter adjudicated, as it was explicit in its terms of command. It is the general rule that where the merits of an appeal have been adjudicated, and the cause remanded, with directions to proceed in conformity with the opinion handed down in the case, the lower court is without authority of law to enter upon a readjudication of such merits, as the appellate judgment thereon constitutes the law of the case in all subsequent proceedings both in the trial court upon remandment and in the event of another appeal. In re Application of State to Issue Bonds to Fund Indebtedness, 40 Okla. 145, 136 Pac. 1104, Ann. Cas. 1916E, 399; Marth v. Kingfisher Commercial Club, 44 Okla. 514, 144 Pac. 1047, Ann. Cas. 1917E, 235; Krauss v. Potts, 53 Okla. 379, 156 Pac. 1162, 5 A. L. R. 1213; Chicago, R. I. & P. R. Co. v. Austin, 63 Okla. 169, 163 Pac. 517, L. R. A. 1917D, 666; Armstrong v. White, 122 Okla. 78, 251 Pac. 46; Randol v. Harbour Longmire Co., 127 Okla. 7, 259 Pac. 548. The trial court, therefore, erred in not confining its proceedings within the limitations fixed by the mandate in the former appeal, and in sustaining defendant's motion for judgment on the pleadings, unless the defendant rightly proceeded in securing the approval of plaintiff's deed adjudicated to be void in the former appeal, on which approval he relied in avoidance of the mandate, and which induced the action of the trial court and the judgment rendered.

This brings us to the crux of this cause. Thereunder, we first advert briefly to the point urged by defendant, that a dowager is not an heir, and that as the law requires that only a conveyance of a full-blood Indian heir must be approved to implant therein the virtue of validity, it must follow that the appellate judgment upon this point in the former appeal was plainly erroneous, for which reason the principle of the law of the case, it is asserted, does not foreclose correction thereof in this appeal. We are not unmindful of the rule, but we are not inclined to a review of the question, and follow the former opinion, the point then not being open to controversy. Zimmerman v. Holmes, 59 Okla. 253, 159 Pac. 303. We, therefore, limit our consideration hereunder to the proposition peculiar to the second trial, that is to say, as to the alleged error of the court in sustaining defendant's motion for judgment on the pleadings. Roberts v. Cooper, 20 How. 467, 15 L. Ed. 969; State ex rel. Garcia v. Board of County Commissioners, 22 N. M. 562, 166 Pac. 906, 1 A. L. R. 720; Wayne County v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Carroll v. Worley, 127 Okla. 173, 260 Pac. 3; Midland Savings & Loan Co. v. Sutton, 93 Okla. 230, 220 Pac. 663.

There is no doubt that the parties to a suit who are without disability may disregard the final judgment, even of an appellate court, wherein their rights have been expressly and definitely determined, by private settlement of the litigation in such manner as may be agreeable to them and request the trial court to enter a judgment conformably with such agreement, though this be at variance with the appellate judgment and the directions for the execution thereof. Bernheim v. Wallace, 186 Ky. 459, 217 S. W. 916, 8 A. L. R. 938. This presupposes, of course, joint action by the parties to the litigation in which the final judgment was rendered. It would, indeed, be a new departure from elementary principles if one party could disentangle himself from a final judgment, as was attempted to be done in this case. The act of one of the parties to the conveyance had subsequent to the appellate judgment determining the invalidity of such conveyance, as here, could not revive the instrument. This could only be effected by the joint action of both parties accompanied by the solemnities requisite for the making of a valid conveyance as in an original transaction. The deed held to be void was thereafter not the deed of the plaintiff, and was as if none had ever been executed by her. After appellate judgment thereon, it was dead beyond resurrection, except through the recognized mode of procedure, that of a petition for a rehearing to the appellate court, and a reconsideration and a reversal of the conclusions theretofore reached. Prior to adjudication of the cause, the deed was imperfect and could have been rendered whole, even upon the motion of the grantee and without notice to the gran-

tor, by application to the proper state agency endowed with that efficacious power by authority of the national government, to whose jurisdiction the plaintiff in the premise was peculiarly and primarily subject. Hope v. Foley, 57 Okla. 513, 157 Pac. 727; Snell v. Canard, 95 Okla. 145, 218 Pac. 813; Fisher v. Grider, 109 Okla. 23, 234 Pac. 570. Defendant was not taken by surprise in the case, as he was fully aware of the ground of attack and of the holding of this court in Zimmerman v. Holmes, supra. He elected to take his chance of a favorable decision, and having lost, he cannot now vacate the decree of the judiciary in a manner unknown to established forms of procedure sanctioned and confirmed by the collective judicial wisdom over a long period and ever acting for the stability of the social order.

We do not overlook the fact that the county courts of this state, when acting under the authority of the national government in the approval of conveyances by full-blood Indian heirs, are not exercising judicial functions conferred upon them by state law, but that their acts are purely ministerial. This does not mean, however, that they may, by act of approval of such a conveyance, as in the circumstances of this case, nullify the judgment of the highest court of the state. The suggestion of the thought carries with it the elements of its own destruction. Such a situation could not have been in the contemplation of the Congress in clothing the county courts with federal authority, and it did so with full knowledge of the system of our judiciary, whereunder our county courts have no power to nullify the judgments of courts superior in dignity thereto. If the contention now urged by defendant is the correct rule to be applied, then the many decisions by this court and by the Supreme Court of the United States, holding conveyances of full-blood Indian heirs without approval to be void, were meaningless and were as so many scraps of paper, for the grantees in such cases may now secure approval notwithstanding the fact that they were parties thereto and submitted the question for the court's consideration and adjudication. This cannot be the law.

We are, therefore, of the opinion that in a cause wherein is involved the validity of a deed to inherited lands of a full-blood Indian heir, and where such deed has been adjudicated to be absolutely void for want of approval by the county court as provided by the controlling federal law, a party to the cause, who was the grantee in said deed, cannot avoid the binding force of such judgment by securing approval of such deed subsequent to adjudication without concurrence of the grantor. And in such case, the court in which the cause is pending has the power in equity to adjudge such approval ineffective to create the relationship of grantor and grantee between the parties.

Accordingly, the judgment of the district court is reversed, and the cause remanded, with directions to enter a decree for plaintiff establishing her right of dower in the property in controversy, and proceed in the assignment thereof in accordance with the rule laid down in the former opinion of this court in Strong v. Brady, 84 Okla. 66, 202 Pac. 505, and for such further proceedings not inconsistent with such former opinion and this opinion.

REID, LEACH, HERR, FOSTER, and DIFFENDAFFER, Commissioners, concur. BENNETT, Commissioner, not participating.

By the Court: It is so ordered.