## WHITE v. McVEY et al.

No. 21807.    April 10, 1934.

M. R. Lively, for plaintiff in error.

E. W. Smith, C. B. McCrory, and C. J. Pinkston, for defendants in error.

OSBORN, J. This is an appeal by Otis White from a judgment of the superior court of Okmulgee county denying his claim to certain oil runs by virtue of an assignment thereof held by him and establishing certain mortgage liens as superior to his rights under the assignment.

Separate actions involving the rights of the parties were filed in the lower court, later consolidated and tried together. Hereinafter Otis White will be referred to as

plaintiff, all the other parties as defendants.

Plaintiff assigns as error a portion of the final judgment of the trial court in which it was held that real estate mortgages executed subsequent to an oil and gas lease constitute liens on the oil and gas royalties accruing to the fee-simple title holder of the land and his assignees, notwithstanding an assignment of said royalties subsequent to the date of execution of the mortgages but prior to the foreclosure thereof.

A large number of transfers and conveyances relating to the various interests in the land are shown in the record, but we will refer only to those transfers which are necessary to outline the issues presented in this appeal.

It is agreed that the common source of title to the land involved was Leslie Martin and J. G. Fretwell. The oil and gas lease was executed to W. B. Pine, dated September 25, 1915. It 's evident that some oil was discovered, but the record does not show the date of discovery nor the amount produced. Defendants McCrory and Monk held a real estate mortgage on the property involved, dated May 29, 1917, for $1,480, due five months from date; defendant Henryetta State Bank held a real estate mortgage for $1,745 on said land dated February 8, 1922, due six months from date; plaintiff, Otis White, through a series of transfers became the owner of a note dated March 28, 1923, for $1,816.21, due six months from date, secured by an assignment of the oil runs from a portion of the land involved.

The cause came on for trial and the court found in favor of McCrory and Monk and ordered the foreclosure of their mortgages to satisfy their judgment in the sum of $1,640. The court also found in favor of the Henryetta State Bank in the sum of $966.78, and ordered the issuance of an order of sale of the surface rights and one-tenth of the royalty to satisfy the judgment in favor of said bank. The court found that W. J. McVey, the original maker of the note, was indebted to Otis White in the sum of $2,107.31, but that the lien of the said Otis White by virtue of his assignment was subject to the oil and gas lease of W. B. Pine and also to the prior mortgages of McCrory and Monk and the Henryetta State Bank. It is this finding of the trial court that is assigned as error on this appeal.

The oil and gas lease involved herein is substantially different in form from the usual and customary form of an oil and gas lease. Certain material portions thereof are hereinafter set out as follows:

"Does hereby demise and grant unto lessee, his heirs, successors and assigns, all the oil and gas in and under the following described tract of land (above described) and also said tract of land for the purpose and with the exclusive right of operating thereon, for said oil and gas, together with the right of way, the right to lay pipe over and upon, to erect and maintain all machinery, buildings, powers, tanks, etc., necessary or required in the operation for oil and gas. * * *

"To have and to hold the same unto the lessee, his heirs and successors and assigns for the term and period of five years from the date hereof, and as much longer as oil or gas is found in paying quantities thereon; yielding and paying the lessor the one-eighth part of all the oil and gas delivered free of expense into tanks or pipe lines to lessor's credit and other usual terms."

The oil and gas lease was prior in point of time to either of the real estate mortgages involved herein. According to plaintiff's theory all of the oil and gas under the surface was severed by the execution of the oil and gas lease and the lessor was effectually deprived of any further interest therein, but relied exclusively upon the lessee to pay in cash from time to time according to the terms of the lease.

In the recent case of Cuff v. Koslosky, 165 Okla. 135, 25 P. (2d) 290, this court, by Mr. Justice McNeill, said:

"It is settled law that oil and gas in place are minerals, and that so long as they remain unsevered from the soil, they are a part of the realty. In this jurisdiction oil and gas, although they form a part of the corpus of the soil, the aggregate physical interest in the land, while in place are not subject to absolute ownership separate and distinct from the soil of which they form a part. Garfield Oil Co. v. Champlin, 78 Okla. 91, 189 P. 514. Nor is the land divided horizontally as well as vertically for the purpose of separate ownership as in the case of some other jurisdictions, notably the state of California. See Graciosa Oil Co. v. Santa Barbara County (Cal.) 99 Pac. 483,

"In the case of Priddy v. Thompson, 204 Fed. 955, cited with approval in the case of Dunlap v. Jackson, 92 Okla. 246, 219 P. 314, as authority for the rule that the owner of the land has no title to the oil and gas that might be beneath the surface, it was said: 'Oil and gas in the earth, are, unlike ore and coal, fugacious and incapable

of ownership distinct from the land, and a grant of the oil and gas in a tract of land is a grant of that part of the oil and gas therein which the grantee may find and capture. No title vests until the oil or gas is reduced to possession by extracting the same from the earth, and hence the lease is a grant of an incorporeal hereditament' * * *"

In the case of Carpenter v. Shaw, 280 U. S. 363, 50 Sup. Ct. Rep. 121, it is said:

"It sufficiently appears, were that controlling, that numerous decisions of the Oklahoma courts since the Atoka Agreement have treated the royalty interest of the lessor as a right attached and incident to his ownership or reversionary interest in the land. Barnes v. Keys, 36 Okla. 6 [127 P. 261]; Strawn v. Brady, 84 Okla. 66 [202 P. 505]; Harris v. Brady, 136 Okla. 274 [277 P. 579]. Compare Rich v. Doneghey, 71 Okla. 204 [177 P. 86], and see Parker v. Riley, 250 U. S. 66."

It is not contended by plaintiff that the royalty interest in the land was specifically reserved by the mortgagor when the real estate mortgages in question were executed, but it is argued that the oil and gas lease itself separates the oil and gas estate from the freehold and vests absolute title to the oil and gas which might later be discovered in the lessee and requires payment of a portion thereof to the lessor as consideration for execution of the lease, and consequently when the real estate mortgages were executed the fee title owner had no oil or gas interest to mortgage. An examination of the above authorities discloses that plaintiff's contention is contrary to all of the theories of law which deal with the nature of an estate vested by an oil and gas lease. We adhere to the established rule that an oil and gas lease conveys nothing more than a right to explore and to take and reduce to possession the oil or gas which may be discovered.

It is equally well established that oil and gas in place, so long as they remain unsevered from the soil, are a part of the realty and pass by a conveyance of all the interest and estate of the fee-simple title holder. It would necessarily follow that the execution of a real estate mortgage on said lands would create a lien against the royalty interests, or the minerals in place, at the time of the execution of said mortgage, and that title thereto would be absolute in the mortgagee from and after the date the mortgage was foreclosed by proper proceedings. In the instant case the assignment of said oil runs to plaintiff herein was made subject to the lien of the prior mortgages, and upon foreclosure thereof the right of plaintiff to collect said oil runs under his assignment was cut off and the trial court did not err in so holding.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.