CASCADE MILLING & ELEVATOR COMPANY, PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60262.   Promulgated March 22, 1932.

*Robert H. Littleton, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

#### OPINION.

ARUNDELL: The respondent's answer to the petition filed in this proceeding concludes with the following prayer:

> WHEREFORE, it is prayed that the Board redetermine the amount of the deficiency involved in this proceeding to be equal to the amount determined by the Commissioner, plus any additional amount which may arise from the correction of any error or errors that may have been committed by the Commissioner. Claim is hereby asserted for the increased deficiency, if any, resulting from such redetermination.

Petitioner has moved that the prayer of respondent's answer be stricken as meaningless and not supported by the averment of affirmative facts upon which it could be granted. As grounds for the motion to strike, petitioner sets forth that the respondent's determination of a deficiency is prima facie correct and may not be changed by the Board without an affirmative showing to the contrary; that the respondent's claim " for the increased deficiency, if any " resulting from the Board's redetermination is too general, and inconsistent with the presumptive correctness of the determination; that in the interest of good pleading the respondent should not be permitted by such a general prayer to leave open to doubt the accuracy of his computation, and by a " catch-all " phrase convert the Board into a bureau of. auditors to search out and correct his errors, if any.

Section 274(e) of the Revenue Act of 1926 provides that the Board shall have jurisdiction to redetermine the correct amount of the deficiency " even though the amount so redetermined is greater than the amount of the deficiency " determined by the respondent, and " to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing."

Section 907(a) of the Revenue Act of 1926 provides in part that:

> The proceedings of the Board and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe * * *.

Rule 14 of the Board's rules of practice promulgated under the authority granted by section 907(a) relates to the answer to be filed by the Commissioner and provides in part:

The answer shall be so drawn as fully and completely to advise the petitioner and the Board of the nature of the defense. It shall contain a specific admission or denial of each material allegation of fact contained in the petition and a statement of any facts upon which the Commissioner relies for defense or for affirmative relief or to sustain any issue raised in the petition in respect of which issue the burden of proof is, by statute, placed upon the Commissioner.

The Revenue Act of 1924 contained no provision like section 274(e) of the 1926 Act, but under the prior act the Board held that it had the right and duty to redetermine the correct deficiency, even though the amount was greater than that determined by the Commissioner. *Hotel De France*, 1 B. T. A. 28. The wording of the 1926 Act left no doubt as to our right in that respect, but by the same section of the act our right to determine whether the increase shall be assessed is limited to those instances where a claim for the increase is asserted by the respondent. The effect of the present practice of the respondent, if allowed, will defeat the purpose of the 1926 Act, for the "catch-all" provision of the answer will assert a claim for an increased deficiency in every case, and our procedure will revert back to that followed under the 1924 Act.

We do not mean to say that in no case is a prayer for an additional deficiency proper. In *Moise* v. *Burnet*, 52 Fed. (2d) 1071, it is quite distinctly held that a prayer for an increase in the deficiency is necessary if the respondent is to obtain the benefit of any increase claimed in his answer. In that case the respondent answered the petition and alleged that he had improperly allowed certain deductions, and that income should be increased accordingly, but made no specific claim for the resulting increase either by prayer or otherwise. The Board held that the allegations of the answer constituted a sufficient claim within the meaning of the statute, and allowed the increased deficiency, upon a showing that the deductions referred to in the answer had been improperly allowed (13 B. T. A. 525). The Circuit Court of Appeals reversed our holding, saying in part:

The Commissioner did not properly "assert" "claims" for additional deficiencies, in the amended answers filed by him before the Board. The rule that tax statutes should be liberally construed in favor of the taxpayer clearly requires that a claim should be actually and definitely made, and not left to conjecture, inference, or interpretation. No words of claim, request, or demand were used by the Commissioner. He must be bound by his pleadings, and cannot be assumed to have *intended* to present a claim that he did not actually assert.

The court further pointed out that "the relief demanded is gauged by the prayer." While, as indicated by the *Moise* decision, it is

necessary for the respondent's pleadings to include an appropriately framed prayer for relief if an additional deficiency is sought, it is our understanding of the intent of the revenue act that the prayer must have the support of specific claims in each case based on specific grounds.

The undoubted purpose of section 274(e) was to put the taxpayer on notice of any demand that the Commissioner proposed to make for an increase in the deficiency determined. The respondent's determination when it comes before us is presumptively correct. He can not consistently rely on that presumption and at the same time urge that the determination is wrong by asking for an increase. If the determination is wrong in any particular, the respondent should be required to allege particularly wherein it is in error and state the facts relied on, as required by our Rule 14.

The prayer of respondent's answer in this case not only fails to meet the intent of the statute, but is in violation of the fundamental purpose of pleadings. In *Hill* v. *Mendenhall*, 21 Wall. 453, it is said:

The office of pleading is to inform the court and the parties of the facts in issue; the court that it may declare the law, and the parties that they may know what to meet by their proof.

The case of *Pugmire* v. *Oregon S. L. R. Co.*, 92 Pac. 962; 13 L. R. A. (N. S.) 565, quotes from Pomeroy on Code Remedies as follows:

The very object and design of all pleading by the plaintiff, and of all pleading of new matter by the defendant, is that the adverse party may be informed of the real cause of action or defense relied upon by the pleader, and may thus have an opportunity of meeting and defeating it if possible at the trial. Unless the petition or complaint on the one hand, and the answer on the other, fully and fairly accomplishes this purpose, the pleading would be a useless ceremony, productive only of delay, and the parties might better be permitted to state their demands orally before the court at the time of the trial. The requirement therefore that the cause of action or the affirmative defense must be stated as it actually is, and that the proofs must establish it as stated, is involved in the very theory of pleading.

In *McKinney* v. *Carson*, 35 Utah 180; 99 Pac. 660, 664, it is said:

In every pleading the opposite party is entitled to notice of what the proof will be directed to, and this notice must appear from the pleading.

Under these rules of pleading we are of the opinion that that part of the respondent's answer attacked by petitioner is, as asserted, meaningless, and should be stricken.

An order will be entered striking the prayer of the answer and granting the respondent time to amend.

Reviewed by the Board.