**GREAT NAT. LIFE INS. CO.**
v.
**CAMPBELL, Director of Internal Revenue.**
Civ. A. No. 5211.

United States District Court
N. D. Texas, Dallas Division.
Oct. 30, 1953.

Webster Atwell, Dallas, Tex., for plaintiff.

John C. Ford, Asst. U. S. Atty., Dallas, Tex., and Donald P. Hertzog, Sp. Asst. to the Atty. Gen., for defendant.

DAVIDSON, District Judge.

This is a suit to recover deficiencies in income taxes paid for the years 1949 and 1950. Plaintiff, a life insurance company as defined in Section 201 of the Internal Revenue Code, Title 26, Internal Revenue Code, § 201, contends that bonus moneys received and royalties paid from and under oil and gas leases covering minerals owned by it are not income subject to tax. The Commissioner, taking the position that *rents* include such

bonuses and royalties, has assessed deficiencies based thereon.

The facts are undisputed. The plaintiff is a life insurance company and is regulated by the statutes of the State of Texas pertaining to legal reserve life insurance companies. It meets the tests set out in Section 201(b) of the Internal Revenue Code applicable to the years 1949 and 1950.

Plaintiff acquired in the conduct of its investment business certain mineral interests in Scurry County, Texas, and in 1949 leased these mineral interests as follows:

To Barnsdall Oil Company for $120,500 bonus money and reserving 3/16 of all oil and gas and other minerals discovered and produced as royalty;

To K. C. Lipscomb and Rodney De-Lange for $31,625 bonus money, reserving 1/4 of all oil and gas and other minerals discovered and produced as royalty;

To Wm. P. Castleman and Joseph I. O'Neill for $14,327.05 bonus money and reserving 1/2 of all oil and gas and other minerals discovered and produced as royalty.

In each of said oil and gas leases, which covered separate tracts of land, the lessee conducted successful drilling operations thereon and discovered oil and gas. Accordingly, the plaintiff received for its royalty interest in the year 1949 $81,525.01 and received for its royalty interest for the year 1950 the sum of $257,122.21. It did not report in its income tax returns for either of said years any of said amounts received by it under and by virtue of said oil and gas leases, contending that such was not taxable income to it because the same did not constitute interest, dividends and rents within the law. The Commissioner of Internal Revenue assessed deficiencies for the years involved based upon the inclusion of said amounts as rent income to the plaintiff, and plaintiff paid such deficiencies and filed its claims for refund thereof, and, in turn, brought this suit.

In assessing such deficiencies the Commissioner of Internal Revenue did not allow the plaintiff any exhaustion and depletion for its mineral estate for the years involved.

The applicable statute defines gross income of life insurance companies to mean:

"The gross amount of income received during the taxable year from interest, dividends, and rents." Title 26 U.S.C.A. § 201(c) (1).

The definition of "gross income" of life insurance companies has not been changed in any Revenue Act passed by the Congress since it was adopted by the Congress in the Revenue Act of 1921, Section 244(a), 42 Stat. 261, and since that time the Congress has re-enacted said provision in eight different Revenue Acts, Section 244(a), Act of 1924, 43 Stat. 289; Section 244(a), Act of 1926, 44 Stat. 47; Section 202(a), Act of 1928, 45 Stat. 842; Section 202 (a), Act of 1932, 47 Stat. 224; Section 202(a), Act of 1934, 48 Stat. 731; Section 202(a), Act of 1936, 49 Stat. 1710; Section 202(a), Act of 1938, 52 Stat. 447; 523; Section 201(c) (1), Act of 1942, 56 Stat. 798, 868. In addition the Congress has passed Revenue Acts in 1935, 1937, 1939, 1940, 1941, 1943, 1944, 1945, 1948, 1950 and 1951, which have amended various provisions of the Internal Revenue Code, but no amendment was made in this definition of gross income of life insurance companies. Furthermore, the Congress in 1950 amended Section 202(b) of the Internal Revenue Code pertaining to life insurance companies, but left unchanged and unamended said definition of gross income, Act of 1950, 64 Stat. 906, 961, and in the Revenue Act of 1951 amended other provisions of the Internal Revenue Code pertaining to life insurance companies, leaving unchanged and unamended said definition of gross income. Act of 1951, 65 Stat. 452.

During the time covered by the legislative history detailed above, the Treasury Regulations under the sections of

the Internal Revenue Code applicable to life insurance companies have remained practically unchanged. Section 29.201--1; 29.201-7; 29.201-8 of Regulations 111. These regulations recognize the different treatment given to life insurance companies from other corporations and do not speak of royalties as rents, nor would any part of these regulations be applicable to royalties. No deduction by way of depletion or taxes paid on such royalty interests is permitted nor are such royalties included in the definition of invested assets of life insurance companies.

It is not disputed that royalties paid under oil and gas leases are income, but are such taxable income to a life insurance company? This is the crucial question here.

▮ There are many items of income to life insurance companies that cannot be classed as rents, dividends or interest. Life insurance income from the sales of property, from premiums, from underwriting profits, from favorable mortality experiences, from dealings in property, and from capital gains and losses, do not constitute taxable income to life insurance companies; nor are the expenses or State taxes imposed in relation to such items of income deductible expenses by such life insurance companies. Helvering v. Oregon Mutual, 311 U.S. 267, 61 S.Ct. 207, 85 L.Ed. 180; Helvering v. Missouri State Life Insurance Co., 8 Cir., 78 F.2d 778; Union Central Life Ins. Co. v. Commissioner, 6 Cir., 89 F.2d 969; General Life Ins. Co. v. Commissioner, 5 Cir., 137 F.2d 185; New World Life Ins. Co. v. U. S., 26 F.Supp. 444, 88 Ct.Cl. 405; Royal Highlanders v. Commissioner, 8 Cir., 138 F.2d 240; Helvering v. Manhattan Life Ins. Co., 2 Cir., 71 F.2d 292; Great Southern Life Ins. Co. v. Commissioner, 5 Cir., 89 F.2d 54. Congress specifically exempted such items of income as taxable income to life insurance companies, as the above cases have definitely held. We have found no case, nor has one been cited, which holds to the contrary. Defendant cites Farmers Life Insurance Co. v. Commissioner, 27 B.T.A. 423, decided by the Board of Tax Appeals in 1932, but that case is not in point, because the life insurance company did not contend there that bonus moneys paid for oil and gas leases were not rents. In fact, the company carried such bonus moneys on its books as "gross rents". The only issue with respect to such bonus moneys was whether they constituted capital gains and not ordinary income, and were, therefore, not taxable income to the life insurance company. The Board of Tax Appeals held that such bonus moneys were not capital gains because of the ruling by the Supreme Court in Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199. On the other hand, the court held that forfeit money for an option to purchase property, which option was not exercised, was not taxable income to a life insurance company because it did not constitute either *dividends, interest or rents*.

▮ The Magnolia Petroleum Company in paying for this royalty oil is not paying rents to the plaintiff, because it is not using any land belonging to the plaintiff, but is paying for a product sold by the plaintiff to it. Such royalties cannot be considered as payment for the use of property. The plaintiff is merely receiving the sale price of its own property. Nor indeed are the bonus moneys to be classed as rents, because they were paid for oil and gas leases which provide for royalties upon oil and gas subsequently produced and are themselves advanced royalty, or royalty paid in advance, as determined many times by the Supreme Court of the United States. Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489; Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Murphy Oil Co. v. Burnett, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318; Bankers Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325; Herring v. Commissioner, 293 U.S. 322, 55 S.Ct. 179, 79 L.Ed. 389; Anderson v. Helvering, 310 U.S. 404, 60 S.Ct. 952, 84 L.Ed. 1277. There is no difference

in tax treatment between bonus moneys paid for such oil and gas leases and royalties paid on the production obtained thereunder.

■ It is not thought that any ambiguity exists in the definition of gross income applicable to life insurance companies. Congress did not intend for the word "rents" to include royalties. Congress has shown that it differentiates between such items, for these differentiations appear in the Personal Holding Company Act of 1934 and 1936, Section 351, Rev.Act of 1934, 48 Stat. 751, and Section 353, Act of 1936, 50 Stat. 814. There the definition of Personal Holding Company income included dividends, interest, rents and mineral oil and gas royalties. Also Congress in the Revenue Act of 1936 for the first time imposed a tax upon foreign Personal Holding Companies and defined their income to consist of dividends, interest, royalties, annuities and rents. Congress has not changed these definitions from the time they were first incorporated in the law until the present time. In the Revenue Act of 1926, § 234(a) (8), 44 Stat. 42, Congress provided for depletion allowance in the case of oil and gas interests, but nowhere has Congress provided for such depletion allowances with respect to life insurance companies, and, indeed, the Commissioner denies such deductions to life insurance companies, because Congress did not so specifically provide. If Congress had intended to tax life insurance companies on royalties paid under such oil and gas leases, it would certainly have provided for such deduction for depletion. If Congress should specifically provide for depletion allowance before a life insurance company could take such a deduction, then Congress should specifically provide that bonuses and royalties arising from oil and gas leases on minerals owned by a life insurance company are taxable income to it.

The Treasury Department has recognized the difference between royalties and rents, Section 29.332–1, Section 29.502–1, Section 29.23(1) (m), Section 29.23(m)–4, Section 29.23(1)–1, Treasury Regulation 111, and yet has never issued any regulation pertaining to life insurance companies which speaks of royalties as taxable income to such companies.

In addition to such Treasury Regulations, the rulings by the Income Tax Unit, as well as the General Counsel, have recognized differences between rents and royalties. In 1936, the Income Tax Unit handed down its ruling known as I.T. 2970 C.B. XV–1, page 145, which states:

"The term 'rents' must be taken in its usual and ordinary sense, that is, as applying to a fixed sum to be paid at stated times for the use of property (citing cases). In J. F. Sneed, Jr. v. Commissioner, 33 B. T.A. 478, it is said:

" 'The word "royalty" as used in a gas lease generally refers to a share of the product or profit reserved by the owner for permitting another to use the property.'

"It is a compensation for the privilege of drilling and producing oil and gas and consists of a share in the product. Royalties under an ordinary oil and/or gas lease are not paid as fixed rents, but for oil and/or gas taken out and do not constitute 'rental' within the ordinary meaning of that term."

In 1940, I.T. 3401 C.B. 1940–2, page 166 clearly drew a distinction between rents and royalty quoting with approval from Aldridge v. Houston Oil, 116 Okl. 281, 244 P. 782, 784, where the court, adopting the language in Thornton's Law of Oil and Gas, page 668, said:

" 'Care must be taken to distinguish between rent and royalty in connection with gas and oil leases. Rent is the term applied to the privilege given to bore for gas and oil and for delay in beginning operations; while royalty is a certain percentage of the oil after it is found, or so much per gas well developed.' "

In 1941, the General Counsel handed down C.C.M. 222730, C.B. 1941–1, page 216, the following rule laid down in Palmer v. Bender, 287 U.S. 551, 53 S. Ct. 225, 77 L.Ed. 488:

"Under this theory, the lessee does not pay rent to the lessor by royalty payment, but instead, divides the product or the proceeds realized therefrom by him. Thus, in the classification of royalty payments as 'rent' to the lessor, the term is employed as denoting a sharing by the lessor for the use of his land, rather than as an amount owing and paid by the lessee."

But at no time has the Income Tax Unit or the General Counsel remotely suggested that the word "rents" under the life insurance section of the Code includes oil and gas royalties.

■ The administrative interpretation and construction above coupled with the re-enactment of the statutory language should not be lightly set aside. The Commissioner will not now apply retroactively against the taxpayer any new regulations and any new theories made after the tax years in question. Helvering v. R. J. Reynolds Tobacco, 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536; Helvering v. Wilshire Oil Co., 308 U.S. 90, 60 S.Ct. 18, 84 L.Ed. 101; Haggar v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340.

■ In matters pertaining to internal revenue, the will of Congress controls and the operation of its will, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nation-wide scheme of taxation. Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199. The Supreme Court has stated that "Rent is 'a fixed sum, or property amounting to a fixed sum, to be paid at stated times for the use of property'". M. E. Blatt Co. v. U. S., 305 U.S. 267, 59 S.Ct. 186, 187, 189, 83 L.Ed. 167. In Logan Coal & Timber Ass'n v. Helvering, 3 Cir., 122 F.2d 848, Commissioner v. Clarion Oil Co., 80 U.S.App.

D.C. 41, 148 F.2d 671, royalties are held not to be rents, as well as in Commissioner v. Wilson, 5 Cir., 76 F.2d 766, and Commissioner v. Gray, 5 Cir., 159 F.2d 834. To preserve the desired uniformity, in light of all the authority, this court must hold that royalties paid under the oil and gas leases in question are not rents and are, therefore, not taxable income to the plaintiff.

Reviewing the pertinent portions of the law, Title 26 U.S.C.A., we have:

"§ 201. Life insurance companies

"(a) Imposition of tax

"There shall be levied * * * for each taxable year upon the adjusted normal-tax net income * * * of every life insurance company taxes at the rates provided".

"§ 201. (c) (1) Gross income

"The term 'gross income' means the gross amount of income received * * * from interest, dividends, and rents."

"§ 201. (c) (7) Net income.

"The term 'net income' means the gross income less—" (certain deductions.)"

It has been well held that premiums and like receipts of an insurance company cannot be classed as a taxable income of the institution. Congress enacted by law just what receipts by life insurance companies are taxable and has limited it to interest, dividends and rents.

The money received upon which tax is now claimed does not come within the definition of either of the classes. If we say the bonus paid, for instance, upon the lease granted is taxable, we are confronted with the fact that under the law the bonus was a consideration for the lease, and the lease is an interest in real estate.

'Tis not interest upon a loan.

'Tis not a dividend upon corporate stock.

'Tis not rent for the use of property.

The judiciary must not attempt to legislate, that being the field of the Congress. The court may not hold that something being overlooked by legislative enactment that it has the function of filling the gap. Indeed we may assume that Congress had sound reasons for not including these and like receipts.

Our government has of necessity elected to treat the life insurance taxpayer in a group to itself and the law so written must control.

In 1950, plaintiff deducted as an expense $6,487.88 taxes paid the State of Texas on its royalty interests. The plaintiff admits that such taxes are not deductible from its statutory income, since it is not an expense incurred in the creation of such income. Therefore, the plaintiff's taxes for the year 1949 should be recomputed, eliminating such deduction as well as eliminating the bonuses and royalties as income, and a judgment for this difference between such recomputation and the amount paid by the plaintiff will be entered for plaintiff.