PAN-AMERICAN LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 30070, 35319. Filed August 12, 1955.

*Solomon S. Goldman, Esq.*, for the petitioner.
*Jackson L. Bailey, Esq.*, for the respondent.

### OPINION.

OPPER, *Judge:* For the years 1942 through 1946 respondent determined deficiencies in income tax in the respective amounts of $4,353.98, $4,264.01, $16,719.93, $13,221.25, and $12,753. The sole litigated issue is whether royalties received under oil and gas leases are income to petitioner, a life insurance company, and whether, if so, depletion is an allowable deduction, under the restricted provisions of section 201 (c), Internal Revenue Code of 1939.

All of the facts have been stipulated. They are hereby found in accordance with the stipulation, which, as far as here material reads as follows:

1. Petitioner is a life insurance company incorporated under the laws of Louisiana on March 28, 1912. Petitioner filed corporation income tax returns for the taxable years 1942, 1943, 1944, 1945, and 1946 with the then Collector of Internal Revenue at New Orleans, Louisiana.

2. Petitioner is engaged in the business of underwriting life insurance contracts in the United States of America and Central and South America, and is taxable under the provisions of Section 201 of the Internal Revenue Code of 1939.

3. Petitioner acquired, in the conduct of its investment business, certain lands in the States of Louisiana and Texas. Prior to the year 1942, the lands owned by petitioner were leased to oil and gas-producing companies. Under the leases, the lessees conducted successful drilling operations resulting in producing oil and gas wells.

4. During the taxable years 1942 through 1946 the petitioner received royalties in accordance with such leases as follows:

| Year | Amount |
|------|--------|
| 1942 | $10,534.95 |
| 1943 | 19,121.69 |
| 1944 | 24,426.07 |
| 1945 | 18,206.43 |
| 1946 | 25,135.43 |

5. Petitioner did not report in its income tax returns for any of the years 1942 through 1946 the above amounts received by virtue of such oil and gas leases. Petitioner took no deduction for depletion.

6. In the statutory notices of deficiency the Commissioner held that the oil and gas royalties received by petitioner for the taxable years 1942 through 1946, inclusive, are in the nature of rents and are includible in petitioner's taxable income under the provisions of Section 201 (c) (1) of the Internal Revenue Code of 1939, and that, since depletion is not one of the deductions listed in Section 201 (c) (7) of the Internal Revenue Code of 1939 as being allowable to a life insurance company, no deduction for depletion is allowed for such years.

The income and deductions of life insurance companies are concretely described in section 201 (c), Internal Revenue Code of 1939. Gross income is there confined to "interest, dividends, and rents." The question dispositive of this controversy is whether oil royalties are rents within that provision.

Prior to 1953 no case had expressly dealt with that question. In *Great Nat. Life Ins. Co.* v. *Campbell*, (N. D., Tex.) 119 F. Supp. 57, it was held for the first time that "rents" did not include such royalties. That decision has now been affirmed (C. A. 5, 1955) 219 F. 2d 693. On the authority of that case the position of petitioner is sustained.

*Farmers Life Insurance Co.*, 27 B. T. A. 423, the only other case to which we have been referred, did not purport to decide whether such royalties were rents and so includible as income under the predecessor sections, Revenue Acts of 1924 and 1926, section 244. It decided only that "*Burnet* v. *Harmel*, 287 U. S. 103 * * * is controlling in the present case and applies to both taxable years, for section 208 [the capital gains provision] * * * is reenacted without change in * * * 1926. We hold, therefore, that the cash considera-

tion \* \* \* received by petitioner for oil and gas leases \* \* \* constituted taxable income to it." Nothing said in that case requires reconsideration in reaching the present result.

To accommodate other agreed adjustments,

*Decisions will be entered under Rule 50.*