Joe F. Watson and Vivian Watson v. Commissioner.
Watson v. Commissioner
Docket No. 2253-65.
United States Tax Court
T.C. Memo 1972-36; 1972 Tax Ct. Memo LEXIS 216; 31 T.C.M. (CCH) 132; T.C.M. (RIA) 72036; February 16, 1972, Filed B. Gerard Hartzog, for the petitioners. Charles B. Sklar, for the respondent. HOYT
Memorandum Opinion HOYT, Judge: The respondent by notice of deficiency dated April 14, 1965, determined deficiencies in petitioners' income tax and additions to tax for the taxable years 1961, 1962 and 1963 as follows: Additions to Tax
Under Sec. 6653(b)
Year
Deficiency
I.R.C. 1954
1961
$8,167.37
$4,083.69
1962
5,776.50
2,888.25
1963
3,117.96
1,558.98 The notice determined that the petitioners' returns for the years in issue did not reflect their correct income and that part of the underpayment of tax for each year was due to fraud. The determinations also used the increase in net worth method to compute the correct income. At trial the respondent offered *217 no evidence to support the additions to tax under section 6653(b) for fraud and on brief has conceded the fraud issue for each of the years before us. Also, in his brief, respondent concedes that due to minor changes in the assets and liabilities composing his net worth determinations set forth in the notice of deficiencies, a recomputation under Rule 50 will be required. The issues remaining for decision are whether the respondent's computations of net worth plus personal expenditures for each of the years 1960, 1961, 1962 and 1963 correctly determine petitioners' income for the three years before us, 1961, 1962 and 1963 and whether the statute of limitations bars assessment of a deficiency for 1961. By notice dated and served upon petitioners' counsel of record by the Court on October 27, 1967, this case was set for trial on January 29, 1968, at Columbia, South Carolina. On December 19, 1967, upon motion made by respondent, and filed on December 18, 1967, the Court entered its order to show cause under Rule 31(b)(5) directing petitioners to file a response complying with the provisions of that rule and to show cause at 10:00 A.M. on January 29, 1968, at Columbia, why the *218 facts and evidence recited in respondent's proposed stipulation attached to the motion should not be accepted as established for the purposes of this case; this order to show cause was served on petitioners' counsel that same date. By subsequent notice dated December 28, 1967, and served the same date the earlier trial notice was canceled and the case was reset for trial at the trial session of this Court at Charleston, South Carolina, on February 5, 1968. 133 On January 11, 1968, an order entered on January 10, 1968 was served, which order amended the prior show cause order of December 19, 1967, to strike therefrom the date and place of hearing on that order and substitute therefor the date and place of hearing as "* * * on February 5, 1968 in Courtroom, United States District Court, Broad and Meeting Streets, Charleston, South Carolina." On January 25, 1968, respondent filed a Motion For Entry of Order that the facts in his stipulation of facts filed with his motion for the entry of an order to show cause on December 18, 1967, under Rule 31(b)(5), be accepted as established for the purposes of this case. This motion alleged, inter alia, that petitioners had not filed a *219 response as directed by the Order to Show Cause on or before January 15, 1968, and it was served on petitioners on January 30, 1968, together with a notice setting the motion for hearing at Charleston on February 5, 1968 at 10:00 A.M. The petitioners did not file a response, as directed by The Order to Show Cause, on or before January 15, 1968, or at any other time, nor did they move with respect thereto or with respect to respondent's motion subsequently filed on January 25, 1968, and noticed for hearing on February 5, 1968. Petitioners filed a motion on February 1, 1968, to continue the trial set for February 5, 1968, at Charleston "to the next regular scheduled session of court for Columbia, South Carolina * * *." This motion was served on February 2, 1968, together with a notice setting it for hearing at Charleston on February 5, 1968 at 10:00 A.M. When the case set for trial and the motions set for hearing were called at Charleston, South Carolina, on February 5, 1968, petitioners' counsel of record did not appear but sent a representative to inquire if his motion for continuance filed on February 1, 1968, had been received by the Court. Respondent appeared by counsel. Thereafter, *220 respondent having objected in open court to the motion for continuance, a hearing thereon was held and continued for further hearing the next day. The Order to Show Cause issued on December 19, 1967, was made absolute, and respondent's motion filed on January 25, 1968, under Rule 31(b)(5) was granted by order accepting the facts and evidence in respondent's stipulation of facts as established for the purposes of this case. On the following day, February 6, 1968, at the continued hearing on petitioners' motion for continuance, petitioners' counsel failed again to appear and the motion was denied, with leave, however, granted to petitioners to renew their motion when the case was called for trial, which was then set for the following day. On the next day, February 7, 1968, when the case was called for trial, the petitioner, Joe F. Watson, appeared in person, but his counsel of record failed to appear once more. Numerous efforts by the Court and by respondent to communicate with petitioners' counsel from February 5 to February 7 failed, and he did not respond to messages left for him. The motion for continuance was not renewed and the trial proceeded. The petitioners offered no evidence *221 and the case was submitted upon the pleadings, the stipulated facts and the attached and submitted exhibits established upon respondent's motion, unobjected to by petitioners, under our Rule 31(b)(5). The stipulated facts established for the purposes of this case, together with the attached exhibits, are found accordingly and incorporated herein by this reference. Petitioners are husband and wife and are residents of Spartanburg County, South Carolina. They were residents of the State of South Carolina at the date of filing of the petition upon which this proceeding is based. During each of the taxable years 1961, 1962 and 1963, petitioners timely filed a joint income tax return with the district director of internal revenue, Columbia, South Carolina. Throughout the taxable years 1961, 1962 and 1963, and for some time prior thereto, petitioners were doing business as Midway Pure Truck Stop. They engaged in sales of gas, oils and repairs, and operated a restaurant. Petitioners also derived rental income from properties located in Spartanburg, South Carolina and Columbia, South Carolina. In their return for each of the taxable years 1961, 1962 and 1963, petitioners reported *222 adjusted gross income of $2,277.43, $3,163.95 and $5,611.91, respectively. Their gross profit from operation of the Midway Pure Truck Stop for the three years 1961, 1962 and 1963 was reported as $64,246.85, $112,884.40 and $149,674.71, respectively, and the net profit was reported as $2,216.80, $3,298.78 and $5,698.69, respectively. In the statutory notice of deficiency respondent determined that petitioners' return for each of the taxable years at issue did not properly reflect their correct income, 134 and therefore respondent computed petitioners' income for each taxable year by the increase in net worth plus personal expenditures method. The notice of deficiency herein applicable to the taxable years 1961, 1962 and 1963 was mailed to petitioners on April 14, 1965, and respondent determined that during each of the taxable years 1961, 1962 and 1963 petitioners had increases in their net worth, made personal and other nondeductible expenditures, realized total corrected income, reported adjusted gross income, and understated their income as follows: *13
Taxable year
Particulars
1961
1962
1963
Increases in net worth
$22,309.61
$16,413.20
$11,022.91
Personal and other nondeductible expenditures 8,000.00
8,000.00
8,000.00
Total corrected income
$30,309.61
$24,413.23
$19,022.91
Reported adjusted gross income 2,277.43
3,163.95
5,611.91
Understatement of income
$28,032.18
$21,249.25
$13,411.00
*223 The following schedule shows the assets, liabilities and net worth of Joe F. Watson and Vivian Watson as of December 31 of each of the years 1960 through 1963, as well as petitioners' increase in net worth, personal living expenses, corrected adjusted gross income, standard deduction, personal exemptions, and corrected taxable income for each of the taxable years 1961, 1962 and 1963 as established by the facts of record, the exhibits and the respondent's determinations contained in the statutory notice of deficiency: 135 Dec. 31,
Dec. 31,
Dec. 31,
Dec. 31,
Description
1960
1961
1962
1963
Assets
Cash - Commercial National Bank
$ 753.45
[936.46)
$ 1,620.70
[2,208.09) Seartanburg, S.C.
Cash - Piedmont National Bank, Spartanburg, S.C.
23.44
61.37
59.84
Cash - First Fed. Savings & Loan Spartanburg, S.C.
2,290.58
3,490.55
Cash on Hand
1,500.00
2,616.71
4,447.52
Credit Cards (Accounts Receivable)
127.43
4,907.58
10,995.25
2,376.78
Merchandise Inventory
1,187.68
572.87
3,308.95
4,058.70
Accounts Receivable
985.45
11,842.78
6,583.57
11,677.66
Variable Investment Account
1,200.00
3,400.00
Depreciable Assets
1,854.12
8,042.79
8,785.17
11,989.06
House - Charlesworth Ave., Sptg., S.C.
12,000.00
12,000.00
12,000.00
12,000.00
House - Long Shadow Lane, Columbia, S.C.
12,899.34
12,899.34
12,899.34
12,899.34
House - Crestview Dr., Sptg., S.C.
11,500.00
11,500.00
House - Phifer Dr., Sptg., S.C.
5,500.00
1960 Buick Station Wagon
5,071.18
5,071.18
1959 Chevrolet
1,300.00
1962 Chevrolet
3,450.00
1962 Chevrolet Convertible
6,271.18
1963 Chevrolet
7,363.11
1964 Chevrolet
5,300.00
Bomb Sheter at residence
500.00
500.00
Lots, Greenlawn Gardens
281.44
281.44
New Furnace in Residence
595.00
595.00
Color Television
618.00
Shell Home & improvements
3,000.00
3,000.00
3,000.00
Hammond Organ
1,050.00
1,050.00
Total Assets $34,902.09
$60,261.45
$89,007.73
$99,839.07
Liabilities
Accounts Payable - Odom Oil Co., Sptg., S.C.
$ 4,029.53
$14,329.76
$18,566.63
$13,638.72
Loan Payable - Citizens Nat'l Bank, Charlotte, N.C.
2,528.95
736.75
Note for Merchandise - Grant Roper
1,318.10
718.10
Note for Drink Box - Coca Cola Co., Sptg., S.C.
431.00
339.00
242.00
Depreciation Reserve - Business Assets
438.58
1,496.66
2,906.46
4,614.49
Depreciation Reserve - Rental Assets
1,027.50
1,787.50
2,613.75
3,722.53
First Mortgage Loans - First Federal Savings and Loan, Sptg., S.C.
7,057.61
6,864.83
6,678.55
11,469.57
Second Mortgage - Othella Kay, Sptg., S.C.
1,460.00
1,220.00
980.00
740.00
Mortgage Note - Cameron Brown Co.
8,308.77
7,975.29
Mortgage Note - Collateral Investment Co.
12,228.01
12,039.64
11,841.14
11,631.98
Auto Loans - GMAC
4,673.65
3,233.65
2,461.33
3,262.46
Chattel Mortgage - Rice Music House
535.00
Total Liabilities 32,232.98
$44,650.09
$55,967.38
$57,297.04
Net Worth
$ 2,669.11 $15,611.36
$33,040.35
$42,542.03
Deduct Prior Year's Net Worth 2,669.11
15,611.36
33,040.35
Increase in Net Worth
$12,942.25
$17,428.99
9,501.68
Add Personal Living Expenses 8,000.00
8,000.00
8,000.00
Corrected Adjusted Gross Income
$20,942.25
$25,428.99
$17,501.68
Deduct: Standard Deduction
1,000.00
1,000.00
1,000.00
Personal Exemptions (4) 2,400.00
2,400.00
2,400.00
Corrected Taxable Income $17,542.25
$22,028.99
$14,101.68
*224 135 The difference between the petitioners' net worth as determined by the statutory notice of deficiency for the three years in question and their net worth for the same years reflected by our findings set forth above, are due to various concessions and changes in the net worth computation made by respondent in his proposed stipulation of facts which has been accepted as establishing the facts for this case. The effect of these changes, which can be recognized in the Rule 50 computation, are generally favorable to petitioners as indicated by the following comparison: *13
Taxable Year
1961
1962
1963
Total corrected income determined
$30,309.61
$24,413.20
$19,022.91
Total as adjusted
20,942.25
25,428.99
17,501.68
Understatement of income determined
28,032.18
21,249.25
13,411.00
Understatement of income as adjusted
18,664.82
22,265.04
11,889.77
However, in his pleadings respondent has not sought an increased deficiency for 1962 in excess of that determined by the statutory notice, which would result if the adjusted understatement of income of $22,265.04 for that year is used in lieu of the determined amount of $21,249.25, the amount *225 of understated income also alleged in his answer. The statute of limitations does not bar the assessment and collection of a deficiency in income tax due from petitioners for the taxable year 1961. Following trial petitioners filed a plethora of motions and extensive further hearings were held. The details of these various proceedings and the results thereof are reflected by the record and need not be repeated here. Petitioners filed no briefs with the Court as to the merits of the case itself. The determination of deficiencies by respondent as set forth in the notice of deficiency for each of the years before us are presumed to be correct and the petitioners have the burden of establishing error therein. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Rules of Practice, United States Tax Court. We have no evidence that the determination was arbitrary or capricious in any way. Our findings of fact set forth the facts established by the record before us and additional underlying facts to support the findings detailed herein are incorporated by our reference to the respondent's proposed stipulation of facts and attached exhibits. Petitioners have failed to establish *226 that there was error in the respondent's use of the net worth plus personal expenditures method employed in his deficiency determinations, that there was error in the components thereof or that increases in net worth did not exceed reported income as determined in the statutory notice. Neither have petitioners, either in the pleadings or otherwise, established or even alleged that their apparent increases in net worth were derived from sources other than income not reflected in their income tax returns filed for the years in question. Petitioners' basic contention, repeatedly made over several years in pleadings, motions and arguments, has been that they kept complete and accurate business books and records which correctly reflected their income and expenses and that their income tax returns correctly reported this income and expense. However, they have failed to offer any evidence in support of this contention; even though they made repeated allegations over several years that independent audits they were having made would be completed shortly and verify their position, the record does not disclose that these audits were ever completed or that their results were disclosed to respondent. *227 They certainly were not submitted to the Court nor are the allegedly adequate books and records before us in the record. As to the year 1961, there is an additional question to be resolved. Petitioners have raised the issue of the statute of limitations alleging in their petition merely that it has run against the determination for that year, without alleging facts upon which they rely in support of this assignment of error. Apparently this contention is based upon the supposition that the return for 1961 was filed prior to April 14, 1962 and that therefore the deficiency notice mailed to petitioners on April 14, 1965 was mailed to them more than three years after the return was filed. The record does reflect that the 1961 return was signed and dated February 22, 1962. However, the record does not establish the filing date of that return so that we are unable to conclude when it was in fact filed. Petitioners therefore have not established that the determination was barred for 137 1961. Even if they had succeeded in proving that the 1961 return was filed before April 14, 1962, they could not prevail on this issue because of section 6501(b)(1) of the 1954 Internal Revenue Code. *228 That section specifically provides that for purposes of section 6501 of the Code, (which requires assessment within three years after the return was filed), a return of tax filed before the last day prescribed by law for the filing thereof "shall be considered as filed on such last day." Therefore, in this case the petitioners' income tax return for 1961 was filed on April 16, 1962, a Monday, the final date prescribed for the filing of that return. The statutory notice in question, mailed on April 14, 1965, was issued and sent to petitioners within three years after the return was filed, and so assessment was not barred by the statute of limitations when the deficiency was asserted. Finally, because respondent has sought to increase the petitioners' net worth for 1962 from $16,413.20, as determined by the statutory notice and alleged in his answer, to $17,428.99, as found in accordance with the stipulation establishing the facts for the case, we must decide if such an increase can be allowed. The burden of proving an increased deficiency affirmatively alleged by an amended answer would rest on respondent. Joseph V. Moriarty, 18 T.C. 327 (1952). However, here he has *229 neither amended nor sought to amend his answer which does not seek to increase the 1962 net worth and thus to increase the determined deficiency for that year; he has made no motion before us to amend the pleadings to conform to the proof. See Rule 17(d), Rules of Practice, United States Tax Court. While there is no doubt that we have jurisdiction to determine an increased deficiency under section 6214 of the 1954 Internal Revenue Code, the respondent must claim it under the provisions of the statute at or before the hearing. Having made no claim for an increased deficiency in his pleadings, we cannot allow one with respect to 1962. To the extent therefore that the 1962 increase in net worth would result in an increased deficiency for that year, it cannot be allowed and the deficiency for that year must be limited to that determined in the statutory notice and alleged in the respondent's answer. Factor v. Commissioner, 281 F. 2d 100 (C.A. 9, 1960) at 122-125, affirming a Memorandum Opinion of this Court; Cascade Milling & Elevator Co., 25 B.T.A. 946 (1932). To reflect the necessary adjustments, Decision will be entered under Rule 50.